# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LACAL LUCKY WILSON**                                                                 **CIVIL ACTION**

**VERSUS**

**WARDEN N. BURL CAIN, ET AL.**                                          **NO.:15-00165-BAJ-SCR**

## RULING AND ORDER

On June 2, 2015, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Plaintiff Lacal Lucky Wilson's ("Plaintiff") Complaint (Doc. 1) be dismissed, with prejudice, for failure to pay the Court's filing fee. (Doc. 4).

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 4 at p. 1). A review of the record indicates that Plaintiff attempted to file objections via United States Postal Service on June 10, 2015. Plaintiff's documents were returned to him on June 11, 2015, pursuant to Local Rule 5(e)(1), which requires inmates at the Louisiana State Penitentiary ("LSP") to scan and email their pleadings through the e-filing system. (Doc. 5). A copy of the letter and Plaintiff's objections were subsequently filed into the record. (Doc. 5). A further review of the record reveals that Plaintiff's Complaint was received using the LSP e-filing system,

and thus, Plaintiff is acutely aware of the e-filing requirement. (*See, e.g.*, Doc. 1). To date Plaintiff has not resent his documents using the proper channels.

Nonetheless, in an abundance of caution, the Court will consider the objections submitted via United States Postal Service. In his objections, Plaintiff essentially argues that he attached his medical and mental health records and that given this documentation, his claim cannot be frivolous. However, the issue here is not frivolity.

Under the Prison Litigation Reform Act, prisoners with "three strikes," must pay the filing fee in full unless the prisoner can demonstrate that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The existence of such a danger is assessed as of the time of filing suit or when the prisoner makes an *in forma pauperis* application in the district court. *See Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998) (per curiam) (holding danger must exist at the time of filing or time of *in forma pauperis* application). In short, Plaintiff has failed to make the requisite showing.[1] Accordingly, to proceed, Plaintiff must pay the full filing fee in a single payment, as ordered by the Magistrate Judge. Plaintiff has failed to comply.

Having carefully considered the Plaintiff's Complaint, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

---

[1] Plaintiff's principal complaint is that Defendants discontinued prescribing him Benadryl, a medication that he asserts he needs. (Doc. 1 at p. 5).

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 4)** is **ADOPTED** as the Court's opinion herein.

**IT IS FURTHER ORDERED** that the above-captioned matter be **DISMISSED WITHOUT PREJUDICE**, for failure to pay the Court's filing fee.

Baton Rouge, Louisiana, this 2nd day of July, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**